IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CRISTY MARIE BRIGHT, | § § § | |
| Petitioner, | § § | |
| v. | § § | 2:21-CV-144-Z-BR |
| United States of America, | § § § | |
| Respondent. | § § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DISMISS MOTION TO VACATE

On July 19, 2021, Petitioner's submissions to a court in the Middle District of Florida, Ocala Division, containing a motion to appoint counsel and a request to proceed *in forma pauperis* as well as pleadings that were interpreted by the Florida court to possibly constitute a motion to vacate sentence, were transferred to this division based on jurisdiction over the possible motion to vacate. (ECF 2).

On July 29, 2021, the undersigned United States Magistrate Judge entered an Order directing Petitioner to submit a properly completed amended motion to vacate on the proper form (sent to Petitioner by the Clerk's office) to encompass all of her claims for relief. (ECF 5). The undersigned ordered Petitioner to file her form petition by August 27, 2021. (*Id.*).

As of this date, Petitioner has not filed the form petition as specifically directed in the July 29, 2021 Order. The Court has given Petitioner ample opportunity to comply with its Order, yet Petitioner has failed to do so.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.

*Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Petitioner is in direct disregard of the Court's July 29, 2021 Order. The undersigned finds Petitioner's failure to comply with an Order of the Court warrants dismissal. Accordingly, Petitioner's motion to vacate should be dismissed.

Additionally, Petitioner's motion to appoint counsel is DENIED, and Petitioner's motion to proceed *in forma pauperis* is DENIED as unnecessary.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion to vacate filed by Petitioner Cristy Marie Bright be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 19, 2021.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections

is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).